United States District Court
Southern District of Texas
**ENTERED**
March 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DIANA MORENO and | § | |
| CARLA MORENO | § | |
|     Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 7:22-cv-00319 |
| THE RELIABLE LIFE INSURANCE | § | |
| COMPANY | § | |
|     Defendant. | § | |
| | § | |

## <u>ORDER AND OPINION</u>

The Court now considers Defendant's motion to compel arbitration.[1] Plaintiffs did not respond, so by operation of the Local Rules, the motion is unopposed.[2] In the instant motion, Defendant argues that the parties are bound by an enforceable arbitration agreement, so this Court should compel arbitration and stay all proceedings in this action pursuant to 9 U.S.C. §§ 3-4.

### I.    BACKGROUND

This case arises out of an insurance dispute. Plaintiffs commenced this case in state court on August 5, 2022, alleging that Defendant, with knowledge of their decedent's failing health, fraudulently induced her to begin a new life insurance policy with a waiting period of two years.[3] Defendant removed to this Court on September 7, 2022.[4]

In connection with both the initial and new policy, Plaintiffs' decedent signed an arbitration agreement.[5] Therein, the parties mutually agreed to arbitrate "payment or denial of claims" and

---

[1] Dkt. No. 10.
[2] L.R. 7.4.
[3] Dkt. No. 1-2 at 4, ¶¶ 13-18.
[4] Dkt. No. 1.
[5] Dkt. No. 10-4 at 13-14; Dkt. No. 10-7 at 13-14.

"any claim alleging fraud, deceit, suppression, or omission of any material fact in the sale of the policy."[6] The agreement refers to rights established under the Federal Arbitration Act ("FAA") and incorporates the rules of the American Arbitration Association ("AAA").[7]

## II.    DISCUSSION

Under the FAA, where a party fails to arbitrate under a written arbitration agreement, the aggrieved party may petition the Court to compel arbitration.[8] "The FAA reflects the fundamental principle that arbitration is a matter of contract."[9] Thereby, "the court [first] asks whether there is a valid agreement to arbitrate and, second, whether the current dispute falls within the scope of a valid agreement."[10]

First, the FAA provides that agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[11] Unconscionability is a ground upon which the Court may invalidate an arbitration agreement. But where the claimed unconscionability "relates to the entire agreement, rather than just the arbitration clause, the FAA requires that [the unconscionability argument] be heard by an arbitrator."[12]

Here, Plaintiffs' original petition alleges that their "[d]ecedent wasn't able to read or write in English so the Defendants [sic] agent filled out the application for her" and that "Defendant engaged in an unconscionable action or course of action to the detriment of Plaintiffs . . . by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair

---

[6] *Id.*
[7] *Id.*
[8] 9 U.S.C. § 4.
[9] *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010).
[10] *Edwards v. DoorDash, Inc.*, 888 F.3d 738, 743 (5th Cir. 2018).
[11] 9 U.S.C. § 2.
[12] *Rojas v. TK Commc'n.*, 87 F.3d 745, 749 (5th Cir. 1996).

degree."[13] But that unconscionability relates to the entire contract for insurance, not just the arbitration agreement, so it is properly designated to the arbitrator.[14]

Second, Plaintiffs' claims are within the scope of the parties' arbitration agreement because they agreed to arbitrate "payment or denial of claims" and "any claim alleging fraud, deceit, suppression, or omission of any material fact in the sale of the policy."[15] That agreement is enforceable as to third party beneficiaries "if the parties to the contract intended to secure a benefit to that third party and entered into the contract directly for the third party's benefit."[16] This is a policy for life insurance, and the parties' arbitration agreement expressly requires arbitration for "any dispute involving this policy between [Defendant] and the insured, owner, *beneficiary or any other party who has an interest as a claimant*."[17]

Accordingly, Plaintiffs' claims are designated to the arbitrator. Furthermore, the Court has discretion to dismiss without prejudice instead of staying the case "when *all* of the issues raised in the district court must be submitted to arbitration."[18] If the parties' arbitration agreement is mandatory and covers all litigable issues, then there is no reason that the Court should keep this case on its docket. As reviewed above, the parties' arbitration agreement requires arbitration of the claims Plaintiffs' raise here, and it expressly waives the right to a jury trial.[19]

---

[13] Dkt. No. 1-2 at 4-5, ¶¶ 17, 24.
[14] *See Rojas*, 87 F.3d at 743.
[15] Dkt. No. 10-4 at 13-14; Dkt. No. 10-7 at 13-14.
[16] *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 677 (Tex. 2006); *accord Wagoner v. Woodmen of the World,* No. 09-0363, 2009 U.S. Dist. LEXIS 81765, at *4 (W.D. La. 2009) ("[W]here the named insured purchases a life insurance policy on his own life and names a beneficiary, the beneficiary may not even be aware that a policy exists or that she is a beneficiary, much less what its terms are. She is nonetheless bound by the policy provisions contracted for by the purchaser/insured.").
[17] Dkt. No. 10-4 at 13-14; Dkt. No. 10-7 at 13-14.
[18] *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).
[19] Dkt. No. 10-4 at 13-14; Dkt. No. 10-7 at 13-14.

### III.    CONCLUSION

For the foregoing reasons, Defendant's motion to compel arbitration is **GRANTED** and Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**. Arbitration will proceed in Plaintiffs' county of residence or in another location agreed on by the parties, in accordance with the arbitration agreement.[20]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 28th day of March 2023.

_____

Micaela Alvarez
United States District Judge

---

[20] Dkt. No. 10-4 at 14; Dkt No. 10-7 at 14.